IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

INDIAN HARBOR INSURANCE
COMPANY,
    Plaintiff,

v.                                                    Case No. 3:06cv295/MCR/EMT

PELICAN'S ROOST ON THE BAY, LLC.,
    Defendant.
_____/

## **O R D E R**

        This cause is before the court upon Defendant's Objection to Notice of Taking Deposition Duces Tecum of Peter Fragale, Motion to Quash and Motion for Protective Order (Doc. 48) and Defendant's Motion for Protective Order and Motion to Quash Subpoena for Deposition Duces Tecum of Peter Fragale (Doc. 50).

        Initially, the court notes that pursuant to Local Rule 7.1(E), Defendant moved for an emergency hearing on the instant motion (Doc. 50 at 1).  The undersigned does not consider a hearing to be necessary; thus, Defendant's motion for an emergency hearing shall be denied.

        As to the substance of Defendant's motion, Defendant seeks an order quashing the subpoena noticing Mr. Fragale's deposition because Defendant's "Motion for Leave to Substitute and to Supplement Expert Disclosures" (*see* Docs. 39, 49), in which Defendant seeks leave of court to substitute expert George A. Biggs for expert Peter Fragale, has not yet been ruled upon by this court (Doc. 50 at 2–3).  Moreover, Defendant objects to the "duces tecum" portion of the subpoena on the grounds that the document requests are overly broad, Plaintiff failed to provide sufficient time for the witness to produce the requested documents, and the documents may contain attorney-client privileged materials (*id.* at 3–5).  In pertinent part, Defendant asserts that the deposition of Mr. Fragale, now scheduled for May 17, 2007, would be a waste of time and expense should the court

grant its motion for substitution. Defendant further notes that Mr. Fragale would not testify in the trial of this cause if its motion for substitution is granted (*id.* at 3).

As the court has not resolved Defendant's pending motion for substitution,[1] the instant motion to quash shall be granted to the extent that the deposition scheduled for May 17, 2007, is cancelled by order of the court.[2] If and when the deposition is re-noticed, the court strongly urges the parties to resolve the issues regarding Defendant's objections to the document requests. Any unresolved issues will be decided by the court, but the court advises the parties that sanctions are typically awarded to the prevailing side in a motion for a protective order. *See* Fed. R. Civ. P. 26(c) and 37(a)(4).

Accordingly, it is **ORDERED**:

Defendant's Motions for Protective Order and Motion to Quash Subpoena for Deposition Duces Tecum of Peter Fragale (Docs. 48, 50) is **GRANTED** to the extent that the deposition scheduled for May 17, 2007 shall be cancelled.

**DONE AND ORDERED** this 16th day of May 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The court notes that the parties have filed numerous discovery-related motions in the past week (*see* Docs. 36, 39, 43, 44, 45, 48, 49, 50, 51, 52, 55, 56, 57). In light of the large number of motions, and the court's other duties, the court simply has not had time to resolve the issues presented in each of the motions. The instant motion, however, is urgent and the court sees it fit to rule on it before addressing the other motions.

[2] The court recognizes that the discovery deadline is May 21, 2007 (*see* Doc. 24). However, the court intends to extend that deadline by separate order that will issue shortly.

Case No.: 3:06cv295/MCR/EMT