IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

INDIAN HARBOR INSURANCE
COMPANY,
    Plaintiff,

v.                                                              Case No. 3:06cv295/MCR/EMT

PELICAN'S ROOST ON THE BAY, LLC.,
    Defendant.
                                          /

## ORDER STAYING PROCEEDINGS

        This cause is before the court upon Defendant Pelican's Roost's Motion to Stay Proceedings (Doc. 35) and Plaintiff's response thereto (Doc. 45). Defendant has raised a counterclaim against Plaintiff seeking to recover the policy limits under the Florida Valued Policy Law, § 627.702, Florida Statutes (2004), for damages to its property caused by Hurricane Ivan in September 2004 (*see* Doc. 5 at 4–5). In the instant motion, Defendant seeks to stay this case pending resolution of certain proceedings in the Florida Supreme Court (*see* Doc. 35 at 1–2). Plaintiff has responded that it "takes no position on [Defendant's] request for a stay in this matter" (Doc. 45 at 2). Upon consideration, the court shall grant Defendant's motion. All proceedings shall be stayed except for discovery, which shall continue as directed in this court's Order on Discovery Matters, issued simultaneously with the instant order.

        Primarily at issue in this case is the interpretation of the 2004 version of § 627.702, Florida Statues, in the situation where, as Pelican's Roost alleges occurred with respect to their property, wind and other damage combine to cause a total loss to the property. *See* Mierzwa v. Fla. Windstorm Underwriting Ass'n., 877 So. 2d 774 (Fla. 4th DCA 2004) (holding that the 2004 version of § 627.702 requires insurer to pay policy limits when the property is considered a total loss due in any part to the risk covered by the policy). The court notes that the Florida Supreme Court has accepted jurisdiction to review a direct conflict between the Mierzwa decision and Citizens Property

Case No. 3:06cv295/MCR/EMT

Insurance Corp. v. Ceballo, 934 So. 2d 536 (Fla. 3rd DCA 2006) (holding that an insured must present proof of expenses incurred in order to obtain recovery for additional covered amounts). *See* Citizens Prop. Ins. Corp. v. Ceballo, No. SC06-1088, 940 So. 2d 1124 (table) (Fla. Nov. 3, 2006) (granting review). In refusing to permit a "windfall" recovery in the absence of proof of loss, the Ceballo court acknowledged its disagreement with Mierzwa and certified a direct conflict. Ceballo, 934 So. 2d at 538. The Florida Supreme Court accepted jurisdiction over the conflict certified in Ceballo and heard oral argument on February 15, 2007. *See* Cabello, No. SC06-1088 (Fla. 2006) (docket entry on Feb. 15, 2007). No decision has yet been rendered. In addition, the Florida Supreme Court has accepted jurisdiction over the appeal in Florida Farm Bureau Casualty Insurance Co. v. Cox, 943 So. 2d 823 (Fla. 1st DCA 2006), *rev. granted*, No. SC06-2494, 948 So. 2d 758 (table) (Fla. Jan. 11, 2007), and scheduled oral argument for June 7, 2007. *See id.* (docket entry on January 22, 2007). Cox presents the following certified question:

> Does section 627.702(1), Florida Statutes (2004), referred to as the Valued Policy Law, require an insurance carrier to pay the face amount of the policy to an owner of a building deemed a total loss when the building is damaged in part by a covered peril but is significantly damaged by an excluded peril?

Cox, 943 So. 2d at 847. Defendant cites to Cox in support of the instant motion (*see* Doc. 35 at 2–3).

As noted, the central issue in the instant case is the interpretation of § 627.702, specifically whether, in its 2004 version, this statute requires an insurer to pay policy limits when the property is considered a total loss due in any part to a covered risk. Senior District Judge Roger Vinson and District Judge Richard Smoak of this district have granted motions to stay which are similar to the motion at bar. *See* Jones v. Hartford Ins. Co., No. 3:05cv392/RS/EMT (Smoak, J., Doc. 57, entered May 25, 2006); Arenson v. Citizens Prop. Ins. Corp., No. 3:05cv154/RV/MD (Vinson, J., Doc. 22, entered October 26, 2005). District Judge M. Casey Rodgers has also previously granted such motions. *See* Keyser v. Owners Ins. Co., No. 3:07cv172/MCR/EMT (Rodgers, J., Doc. 13, entered May 16, 2007); Williams v. Auto-Owners Ins. Co., No. 3:07cv118/MCR/EMT (Rodgers, J., Doc. 8, entered April 10, 2007); Chance v. Auto-Owners Ins. Co., No. 3:06cv488/MCR/MD (Rodgers, J., Doc. 20, entered January 26, 2007).

This court concludes that staying the instant case, until the resolution by the Florida Supreme Court of the certified conflict and question presented in Ceballo and/or Cox or until this court directs

otherwise, is likewise in the best interest of wise judicial administration.[1]

Accordingly, it is **ORDERED**:

1.      Defendant Pelican's Roost's Motion to Stay Proceedings (Doc. 35) pending resolution by the Florida Supreme Court of the certified conflict and question presented in <u>Citizens Property Insurance Corp. v. Ceballo</u>, 934 So.2d 536 (Fla. 3rd DCA 2006), and/or <u>Florida Farm Bureau Casualty Insurance Co. v. Cox</u>, 943 So. 2d 823 (Fla. 1st DCA 2006), is **GRANTED**.  <u>All proceedings</u>, except as otherwise directed by this court's Order on Discovery Matters issued simultaneously with this order, are **STAYED** until further order of this court.

2.      The parties shall notify this court immediately at such time as the Florida Supreme Court issues its mandate in either of the cases cited in the preceding paragraph.

**DONE and ORDERED** this <u>18</u>th day of May 2007.

>    /s/ *Elizabeth M. Timothy*
>    **ELIZABETH M. TIMOTHY**
>    **UNITED STATES MAGISTRATE JUDGE**

---

[1]The court recognizes that its discretion to stay this case pending final resolution of the state court litigation is limited by the rule that a stay must not be "immoderate." *See* <u>Ortega Trujillo v. Conover & Co. Comm.</u>, 221 F.3d 1262, 1264–65 (11th Cir. 2000) (holding that stay was immoderate where the record indicated that the parallel case was not progressing quickly); *see also* <u>Am. Mfgs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.</u>, 743 F.2d 1519, 1524 (11th Cir. 1984) (finding stay pending conclusion of state court proceeding indefinite where state proceeding had been pending for 18 months and no trial date had been set in state court).  As appellate proceedings are nearing conclusion in the state court cases, the court is satisfied that a stay in this case will not subject the parties to an immoderate delay.

Case No. 3:06cv295/MCR/EMT