IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

INDIAN HARBOR INSURANCE
COMPANY,
    Plaintiff,

v.                                                   Case No. 3:06cv295/MCR/EMT

PELICAN'S ROOST ON THE BAY, LLC.,
    Defendant.
                                                    /

## ORDER ON DISCOVERY MATTERS

This cause is before the court upon Defendant Pelican's Roost's Motion for Continuance and Motion to Amend Scheduling Order (Doc. 36), Defendant's Motion for Leave to Substitute and to Supplement Expert Disclosures (Doc. 39), and Defendant's Amended Motion for Leave to Substitute and to Supplement Expert Disclosures (Doc. 49).[1]  Plaintiff has filed responses to each of Defendant's motions (*see* Docs. 43, 44, 55).

Generally, Defendant seeks modification of the Amended Initial Scheduling Order (Doc. 19) and Final Scheduling Order (Doc. 24) due to an alleged change in the City of Pensacola's ("City") position on the level of damage done to Defendant's buildings which are insured by Plaintiff (*see, e.g.*, Doc. 39 at 3–4).  Defendant contends that due to the City's recent revisions to the flood zone area where some of Defendant's buildings are located, some of Defendant's insured buildings have

---

[1] Local Rule 7.1(C)(2) states that no reply memoranda shall be filed absent a showing of good cause and upon leave of court.  Although Defendant has titled its motion an "amended" motion, it is clearly a reply to Plaintiff's response.  Nevertheless, to the extent that Defendant's reply is discussed in this order it shall be considered by the court.  Therefore, Plaintiff's Motion to Strike Pelican's Roost's Amended Motion for Leave to Substitute and to Supplement Expert Disclosures or Alternatively Indian Harbor's Response to Amended Motion (Doc. 55) shall be denied to the extent that it seeks to strike Defendant's reply.  Plaintiff's motion to strike or in the alternative to respond to Defendant's reply is similarly improper and arguably hypocritical in seeking to strike Defendant's reply for failure to comply with Local Rule 7.1(C)(2) and then responding to Defendant's reply without a showing of good cause and without leave of court.  Nevertheless, to the extent that Plaintiff's response to Defendant's reply is discussed in this order, the court shall consider Plaintiff's response to Defendant's reply.  The parties are advised in the future to strictly comply with the rules of this court.

been deemed damaged in excess of fifty percent of their value (*id.*, Ex. A (May 4, 2007 letter from City to Defendant discussing recent "FIRM map" changes)). Defendant alleges "[t]his issue is dispositive of whether the structures suffered a constructive total loss entitling [Defendant] to [the] policy limits under" § 627.702, Florida Statutes (*id.* at 4). In response, Plaintiff alleges Defendant has not shown good cause for modification of the court's scheduling orders, including cause to substitute and supplement Defendant's expert disclosures (*see* Docs. 43, 55). Plaintiff further argues that it will be prejudiced by Defendant's late disclosure of new experts (*see, e.g.*, Doc. 43 at 7–9).

In relevant part, Rule 16(b) of the Federal Rules of Civil Procedure provides that a "schedule shall not be modified except upon a showing of good cause and by leave of the" court.

To the extent that Defendant seeks to extend the discovery deadline in this case, for good cause shown, the court shall grant Defendant's motion and extend discovery by sixty (60) days. Thus, the discovery deadline is extended to **JULY 20, 2007**.

Defendant also seeks to withdraw Peter J. Fragale, Jr. as an expert in this matter and to substitute George A. Biggs (Doc. 39 at 1–2). In addition, Defendant seeks to supplement its expert disclosures to include Joel J. Asmar and Joe DeReuil (*id.* at 3–5). Defendant has advised the court that, should this motion be granted, it will provide expert reports and make "all substituted and supplemented experts available for deposition" (*id.* at 2).

This court has broad discretion in managing pretrial discovery matters. Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005) (citing Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002)). Moreover, the court is mindful that the Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See* Fed. R. Civ. P. 26(b)(1); Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991). Thus, although the court does not condone the late disclosure of witnesses, the court finds it to be in the best interests of justice to permit Defendant to supplement its earlier disclosures and substitute witnesses as it has requested. Thus, for good cause shown, Defendant's motion to substitute Mr. Biggs for Mr. Fragale and supplement its expert disclosures with Mr. Asmar and Mr. DeReuil shall be granted. Defendant shall provide to Plaintiff the expert disclosures required by Rule 26(a)(2) on or before May 25, 2007. In response, to avoid any potential prejudice, Plaintiff shall be permitted to supplement its expert disclosures under Rule 26(a)(2) within thirty (30) days thereafter.

Accordingly, it is **ORDERED**:

1. Defendant's Amended Motion for Leave to Substitute and to Supplement Expert Disclosures (Doc. 49), construed as a motion to reply to Plaintiff's response; and Plaintiff's Motion to Strike Pelican's Roost's Amended Motion for Leave to Substitute and to Supplement Expert Disclosures or Alternatively Indian Harbor's Response to Amended Motion (Doc. 55) are **GRANTED** to the extent that the court has considered the arguments contained in Defendant's reply and Plaintiff's response.

2. Defendant's Motion for Continuance and Motion to Amend Scheduling Order (Doc. 36) is **GRANTED** to the extent that the discovery deadline is extended to **JULY 20, 2007** and the requirements regarding expert disclosure are modified as outlined in this order.  All other proceedings are stayed.

3. Defendant's Motion for Leave to Substitute and to Supplement Expert Disclosures (Doc. 39) is **GRANTED** to the extent that George A. Biggs may be substituted for Peter J. Fragale, Jr., and Defendant's Rule 26(a) disclosures may be supplemented with experts Joel J. Asmar and Joe DeReuil.  Defendant shall provide to Plaintiff the expert disclosures required by Rule 26(a)(2) for Mr. Biggs, Mr. Asmar, and Mr. DeReuil on or before **MAY 25, 2007**.  In response, Plaintiff is granted leave to supplement its expert disclosures under Rule 26(a) within **THIRTY (30) DAYS** thereafter.

**DONE and ORDERED** this 18th day of May 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**